David H. Ben-Asher, Esq. (DB3242)
RABNER ALLCORN BAUMGART & BEN-ASHER, PC
52 Upper Montclair Plaza
Upper Montclair, NJ 07043
973-744-4000

David L. Rose (DR8716)
Joshua N. Rose (JR5515)
ROSE & ROSE, PC
1320 19th St., N.W., Suite 601   *ELECTRONICALLY FILED*
Washington, DC 20036
202-331-8555

Dennis C. Hayes, (DH8716)
 General Counsel
Anson Asaka, Assistant General Counsel
NATIONAL ASSOCIATION FOR THE
 ADVANCEMENT OF COLORED PEOPLE
4805 Mt. Hope Drive
Baltimore, MD 21215
410-486-9185

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP"), the NEWARK BRANCH, NAACP, and the NEW JERSEY STATE CONFERENCE, NAACP and Katrina HALL, Keith REEVES, Lamara WAPPLES and Altarik WHITE, | |
| Plaintiffs, | Civil Action No. |
| v | |
| NORTH HUDSON REGIONAL FIRE & RESCUE a body corporate and politic of State of New Jersey | **Class Action COMPLAINT** |
| Defendant. | |

1. Plaintiffs seek relief for violations of the prohibitions against race discrimination in employment of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, 42 U.S.C. §1981, as amended, and the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 *et seq*. Plaintiffs allege that Defendant grants a preference in recruitment and hiring to residents of the five municipalities it services, and that Defendant has not hired an African-American (or "black") person as a firefighter since it was formed in September 1998; and that Defendant's discriminatory recruitment and hiring practices constitute a pattern and practice of resistance to the full enjoyment of the rights of African Americans (or "blacks") to equal employment opportunities.

2. This Court has jurisdiction of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, 42 U.S.C. §1981, and 28 U.S.C. §1331 and 28 U.S.C. §1343, and over the NJLAD claims under 28 U.S.C. § 1367.

3. Venue in this district is appropriate.

4. The Defendant NORTH HUDSON REGIONAL FIRE & RESCUE ("the Regional") is established and incorporated under the laws of the State of New Jersey, and is a political subdivision of the State of New Jersey located in northern Hudson County. It provides fire and rescue service for the area of northern Hudson County which encompasses the municipalities of Guttenberg, North Bergen, Union City, Weehawken and West New York.

5. The Regional was created on September 30, 1998 pursuant to an enabling statute of New Jersey, and with the agreement of the municipalities of North Bergen, Union City, Weehawken and West New York to merge the fire and rescue departments of those four founding municipalities into one department. Guttenberg joined the Regional later in 1998.

6. The Regional is a person within the meaning of Title VII, 42 U.S.C. §2000e-(a), 42 U.S.C. 1981, and N.J.S.A. 10:5-5 and the Regional is an employer within the meaning of Title VII, 42 U.S.C. §2000e-(b) and N.J.S.A. 10:5-5, and is a proper party under 42 U.S.C. §1981 as a defendant in this case.

7. Plaintiffs, the National Association for the Advancement of Colored People (hereinafter "NAACP"), Newark Branch, NAACP, and the New Jersey State Conference, NAACP are voluntary associations committed to the improvement of the status of minority groups, the elimination of discriminatory practices and the achievement of civil rights. Newark Branch, NAACP and the New Jersey State Conference, NAACP are constituent units of the NAACP, with the same purposes and objectives as the NAACP. Membership in branches and the state conference of the NAACP includes membership in the national NAACP. While the NAACP and its constituent units are committed to the achievement of civil rights and equal opportunities for all minority groups, the majority of its members are African-American.

8. Individual Plaintiffs are Katrina Hall, Keith Reeves, Lamara Wapples and Altarik White. Each of them is an African-American (black) resident of Newark, New Jersey. Each of them is a candidate for employment as a firefighter with the Regional, and each of them has sought and seeks employment as a firefighter by the Regional. Each of them has passed the New Jersey examination for entry-level firefighter positions and is otherwise qualified to be a firefighter in the State of New Jersey. Each of them resides within 12 miles of the fire stations operated by the Defendant.

9. Newark, East Orange, Irvington, Jersey City and Orange, New Jersey are municipalities that have large proportions of black (African-American) residents. Many black

3

residents of those municipalities and other parts of Essex, Hudson and Passaic counties not within the limits of the five municipalities listed in paragraph 4 above have sought and are seeking employment as firefighters and would seek employment by the Defendant if the Defendant recruited and hired black residents of those counties as firefighters.

10. Each of the Plaintiffs has shown an interest in employment by the Regional, but the Regional has not treated them as qualified applicants because they are not residents of any of the five municipalities served by the Regional.

11. Plaintiffs NAACP, Newark Branch, NAACP and the New Jersey State Conference, NAACP are membership organizations. The individual Plaintiffs are among their members. The NAACP Plaintiffs bring this suit to secure the full enjoyment of their rights, the rights of their members and other persons they represent, regardless of their race or color. Plaintiffs are members of the Newark Branch, NAACP, and are also members of the New Jersey State Conference, NAACP and national NAACP.

12. The four individual Plaintiffs and other similarly situated African Americans represented by the NAACP Plaintiffs are qualified for firefighter positions with the Defendant, and they have been injured by Defendant's racially discriminatory recruitment and selection practices, including in particular, the Defendant's preference for recruiting and hiring new employees who are residents of the five municipalities served by the Defendant. They are threatened with continued and future injury by Defendant's racially discriminatory recruitment and hiring practices. Some of the potential African American candidates have been deterred from applying for positions with Defendant because they reasonably believe that an application for employment as a firefighter of Defendant would be futile for these reasons.

13     The four individual Plaintiffs have filed charges with the EEOC against the Defendant and received right to sue letters on January 11, 2007. Each of them has been seeking positions as firefighters and other positions similar to those offered by the Regional.

14.    The five municipalities served by Defendant had a combined population at the time of the 2000 census of approximately 195,000 residents, of whom 8,960, or less than 5%, are African-American.

15.    Defendant employs approximately 300 sworn firefighter personnel of whom only one (0.3%) is African American  That firefighter was hired by North Bergen before the merger of the four fire departments in September, 1998.

16.    The Defendant applies a preference in hiring for residents of its five-municipality service area for all positions and hires non-residents only when no qualified residents are available. The Defendant has applied that preference since its creation in September 1998.

17.    The Defendant engages and has engaged in employment policies and practices that favor residents of the five-municipality area described in para. 4 above, and friends and relatives of its current employees that discriminate against African Americans ("blacks"), including the individual Plaintiffs and other persons represented by the NAACP Plaintiffs, because of their race. The Defendant has implemented these policies, among other ways, by:

   a.     refusing to recruit and hire African Americans on a non-discriminatory basis;

   b.     classifying candidates for employment in a discriminatory manner according to place of municipal residence, and granting an absolute preference to residents of Defendant's service area over all qualified non-residents;

   c.     treating non-resident employees differently from resident employees;

5

    d        engaging in recruitment through a network of friends and relatives of employees of the incumbent firefighter and other residents of the five-municipality area;

    e.        failing or refusing to adopt objective, valid and non-discriminatory hiring procedures that do not disproportionately exclude African Americans from employment without evidence of job relatedness and business need; and

    f.        failing or refusing to take appropriate action to correct the effects of its past discriminatory policies and practices.

18.    Defendant's acts and practices described above constitute a pattern and practice of resistance to the full enjoyment of the rights of African Americans (including the rights of the Individual Plaintiffs and other members of the NAACP Plaintiffs and the other persons they represent) to equal employment opportunities with the Defendant. These acts and practices are of such a nature and are intended to deny to African Americans (including the Individual Plaintiffs and members of the NAACP Plaintiffs or other persons they represent) the full exercise of rights secured by Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. §1981, and by the NJLAD.

19.    The residence preference applied by North Hudson Regional, together with recruiting directed primarily at residents of the five-town area served and the other discriminatory practices described herein have caused most qualified African Americans in the labor market of the Regional's service area to be unable to compete for positions with North Hudson Regional on the same basis as whites.

20.    The NAACP Plaintiffs have conducted an investigation of the Defendant's employment practices. The NAACP Plaintiffs have notified the Defendant of the results of the

investigation and have attempted to eliminate discriminatory practices through negotiation and settlement, but were unsuccessful in their attempts to do so.

21. Plaintiffs have performed all of the prerequisites necessary to bring suit under Title VII and under the NJLAD

22. *Numerosity* The class is comprised of hundreds of African-American ("black") candidates for firefighter positions, who are or have been candidates for employment as firefighters who live within Essex, Bergen and Hudson counties and are qualified for employment by the Defendant Regional, but who are disqualified because of the unlawful practice of Defendant of giving an absolute preference to applicants for employment who live within the five municipalities comprising the Regional. The number of members of the class are so numerous that joinder would be impractical.

23. *Commonality*. The questions of fact and law presented by the claims of Plaintiffs Hall, Reeves, Wapples and White are common to those of other members of the class. The evidence in support of each of the claims of discriminatory treatment of those Plaintiffs is similar to the evidence which would be offered by the class to show unlawful discrimination against blacks. The following allegations of fact are common to the class (Fed. R. Civ. P. 23(c)(2) and (3)):

24. *Typicality* Plaintiffs Reeves, Wapples, White and Hall have claims that are typical, if not the same as, those of the other class members.

25. *Adequacy*. The class representatives will adequately represent the class. The class representatives have no interests that conflict with the interests of the class. Their legal representative, Rose & Rose, P.C., will adequately represent the class. The firm has litigated cases

7

in the federal courts since 1989, representing plaintiffs in pattern or practice cases and collective actions and class actions.

26. Unless restrained by order of this Court, Defendant will continue to pursue policies and practices that are the same as or similar to those alleged in this complaint, and will not take adequate steps to redress the discriminatory effects of those policies and practices. Such policies and practices cause irreparable injuries to the Individual Plaintiffs and those whom the NAACP Plaintiffs represent.

WHEREFORE, Plaintiffs pray this Court to:

1) Enter an order certifying this case as a class action under Rule 23, and designating the four plaintiffs as class agents.

2) Enter orders preliminarily and permanently enjoining Defendant, its officers, agents, employees, successors and all persons in active concert or participation with them from engaging in employment practices which discriminate on the basis of race, and specifically from:

 a. Discriminating against African Americans on the basis of race in the recruitment, selection and hiring of firefighters and other employees;

 b. classifying applicants for employment and employees by residence or on other selection standards that discriminate or tend to discriminate against African Americans;

 c relying upon recruiting that favors friends and relatives of current employees and other residents as compared to those non-residents who are not connected to the Defendant;

 d. failing to adopt fair and nondiscriminatory recruitment and selection practices designed to assure that African American applicants for employment and

    African American employees are treated without discrimination and are treated as fairly and as well as white applicants for employment and employees who are equally qualified for the employment they seek;

  e. failing to adopt and implement a vigorous recruitment program designed to attract qualified African American (black) applicants for employment by the Defendant in numbers which at least reflect the proportion of African Americans within the relevant labor market; and to advise those African Americans who live outside the five-municipality region but within the relevant labor market when employment applications are being accepted that Defendant is an equal opportunity employer and seeks qualified African American applicants for employment, as well as other qualified applicants; and

  f. failing to adopt recruitment and hiring practices designed to achieve the objective of recruiting and hiring a work force that reflects the availability of qualified African Americans in the labor force of the labor market which is relevant to the Defendant;

3) Enter orders for the Defendant to offer Individual Plaintiffs priority for employment to fill any firefighter vacancies, as such vacancies exist or may occur;

4) Award to Plaintiffs the costs of litigation, including reasonable attorneys' fees and expert fees; and

5) Provide for such additional relief as justice may require.

Attorneys for Plaintiff

RABNER ALLCORN
BAUMGART & BEN-ASHER, PC

David Ben Asher (DB3242)
Rabner, Allcorn,
Baumgart & Ben-Asher, P.C.
52 Upper Montclair Plaza
Upper Montclair, NJ 07043
(973) 744-4000
dben-asher@rabnerallcorn.com

David L. Rose (DR8716)
Joshua N. Rose (JR 5515)
ROSE & ROSE, P.C.
1320 19th St., N.W., Suite 601
Washington, DC 20036
(202) 331-8555

Dennis C. Hayes (DH8716)
General Counsel
Anson Asaka
Assistant General Counsel
NATIONAL ASSOCIATION FOR THE
 ADVANCEMENT OF COLORED PEOPLE
4805 Mt. Hope Drive
Baltimore, MD 21215
(410) 486-9185

Dated: April 10, 2007