**CHASAN, LEYNER & LAMPARELLO**
A Professional Corporation
300 Harmon Meadow Boulevard
Secaucus, New Jersey  07094
(201) 348-6000
Attorneys for Defendant North Hudson Regional Fire & Rescue
File No. 12324-0082

| | |
|---|---|
| **THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP"), the NEWARK BRANCH, NAACP, and the NEW JERSEY STATE CONFERENCE NAACP and** Katrina HALL, Keith REEVES, Lamara WAPPLES and Altarik WHITE,<br><br>        **Plaintiffs,**<br><br>vs.<br><br>**NORTH HUDSON REGIONAL FIRE & RESCUE, a body corporate and politic of State of New Jersey**<br><br>        **Defendant.** | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br>Case No. 07-CV-01683<br><br><br><br><br><br><br><br><br><br><br><br>**ANSWER, AFFIRMATIVE  DEFENSES, COUNTERCLAIM AND JURY DEMAND ON BEHALF OF DEFENDANT NORTH HUDSON REGIONAL FIRE & RESCUE** |

1

Defendant, North Hudson Regional Fire & Rescue, having their primary business office at 1 Port Imperial Boulevard, West New York, Hudson County 07093, by way of Answer to plaintiffs' Complaint, says:

## FIRST COUNT

1. The defendant denies the allegations set forth in ¶1.
2. The defendant neither admits nor denies the allegations set forth in ¶2 as they call for a legal conclusion.
3. The defendant admits the allegations set forth in ¶3.
4. The defendant admits the allegations set forth in ¶4.
5. The defendant admits the allegations set forth at ¶5, except as to the use of the term "merge" said in connection with the agreement between the four founding municipalities.
6. The defendant neither admits nor denies the allegations set forth in ¶6 as they call for a legal conclusion.
7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶7.
8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶8.
9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶9.
10. The defendant denies the allegations set forth in ¶10.
11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶11.

12. The defendant is without knowledge or information sufficient to form a belief as to the qualifications of the plaintiffs and other similarly situated African Americans seeking firefighter positions with the defendant. The defendant denies the remainder of the allegations set forth at ¶12.

13. The defendant admits that plaintiffs have filed charges with the Equal Employment Opportunity Commission ("EEOC") against the defendant and that the EEOC issued a right to sue letter. The defendant denies the remainder of the allegations set forth at ¶13.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶14.

15. The defendant admits that it employs approximately 300 sworn firefighters. The defendant denies the remainder of the allegations set forth at ¶15.

16. The defendant denies the allegations set forth in ¶16.

17. The defendant denies the allegations set forth in ¶17.

18. The defendant denies the allegations set forth in ¶18.

19. The defendant denies the allegations set forth in ¶19.

20. The defendant denies the allegations set forth in ¶20.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶21.

22. The defendant denies the allegations set forth in ¶22.

23. The defendant denies the allegations set forth in ¶23.

24. The defendant denies the allegations set forth in ¶24.

25. The defendant denies the allegations set forth in ¶25.

26. The defendant denies the allegations set forth in ¶26.

## JURY DEMAND, L.Civ.R. *38(b)*

Pursuant to L.Civ.R. 38(b), defendant North Hudson Regional Fire & Rescue hereby demands a trial by jury for all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

In the use of a residency requirement, defendant at all times acted in good faith belief that such use was constitutional and reasonable.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not set forth sufficient facts to establish the liability of the defendant North Hudson Regional Fire & Rescue.

### FOURTH AFFIRMATIVE DEFENSE

Defendant North Hudson Regional Fire & Rescue did not ratify or condone in any manner whatsoever any wrongdoing or any violation of any rights of plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not been deprived of any right, privilege, or immunity secured to them by the United States Constitution or any act of Congress.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have not been deprived of any right, privilege, or immunity secured to them by the Constitution and laws of the State of New Jersey.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant acted at all time relevant hereto with good faith and without malice.

### EIGHTH AFFIRMATIVE DEFENSE

The defendant herein did not know, and was not reasonably expected to know, that any actions taken with respect to the plaintiffs were in violation of plaintiffs' constitutional rights and, therefore, are entitled to qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

The defendant is immune from suit pursuant to Federal Law, the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. and common law.

### TENTH AFFIRMATIVE DEFENSE

The Complaint and any recovery resulting thereof are barred, limited and/or controlled by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

The defendant is immune from punitive damages pursuant to the Eleventh Amendment and Federal law.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of collateral estoppel.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of judicial estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of *res judicata*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring to the instant action.

## EIGHTTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exhaust their administrative remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

Any damage, loss or injury suffered by plaintiffs is the result of the acts or omissions of the plaintiffs or other parties over whom defendant had no control.

## TWENTIETH AFFIRMATIVE DEFENSE

If plaintiffs sustained any damages, which defendant denies, the damages were caused by plaintiffs' sole negligence or intentional acts, and plaintiff is barred from recovery.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to implead indispensable parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant's employment actions were justified by business necessity and were made for legitimate reasons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent any discriminatory actions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to meet the requirements of numerosity, commonality, typicality and adequacy in order to proceed in a class action lawsuit.

The defendant reserves the right to amend and/or supplement these defenses as discovery in this matter continues.

## COUNTERCLAIM

Defendant North Hudson Regional Fire & Rescue, by way of Counterclaim against the plaintiffs says:

## COUNT ONE

1. The within cause of action has been instituted by the plaintiffs in bad faith, without merit, is frivolous, and is intended only to harass and cause the defendant great expense in the defense of same.

2. The defendant has been damaged and by way of Counterclaim against the plaintiffs, demand judgment for counsel fees and costs pursuant to 42 U.S.C. § 1988 and N.J.S.A. 2A:15-59.1

**WHEREFORE**, the defendant/counterclaimant demands judgment against plaintiffs for exemplary, punitive and compensatory damages together with attorneys' fees, costs of suit and such other relief as the Court deems equitable and just.

## REQUEST FOR STATEMENT OF DAMAGES

Pursuant to L.Civ.R. 8.1, defendant North Hudson Regional Fire & Rescue, require that plaintiffs, within 10 days of service of this pleading, provide a written statement in the amount of damages claimed in the within action.

        **CHASAN, LEYNER & LAMPARELLO, P.C.**
        **Attorneys for Defendant North Hudson Regional Fire & Rescue**


        **By:**     /S/
           **JOHN S. SHAHDANIAN II, ESQ.**

**Dated: July 2, 2007**