NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NAACP, et al<br><br>                    Plaintiffs,<br><br>v.<br><br>NORTH HUDSON REGIONAL FIRE &<br>RESCUE<br>                    Defendant. | Civil Action No. 07-1683 (DRD)(MAS)<br><br><br><br>**OPINION** |

**SHIPP, United States Magistrate Judge**

### I. INTRODUCTION

The issue before this Court is a dispute regarding the pro hac vice admission of attorneys

David L. Rose, Esq., Joshua N. Rose, Esq., and Dotie Joseph, Esq., ("Pro Hac Candidates") all of

Rose & Rose, P.C. to appear on behalf of the plaintiffs, National Association for the Advancement

of Colored People ("NAACP"); Newark Branch NAACP; New Jersey State Conference NAACP;

Keith Reeves; Lamara Wapples; and Altarik White (collectively, "Plaintiffs"). The defendant is

North Hudson Regional Fire and Rescue ("NHRFR"). Defendant NHRFR argues that the motion

by Plaintiffs for the pro hac vice admission of the above-named counsel should be denied because:

(1) representation by Rose & Rose, P.C. creates a conflict of interest in violation of RPC 1.7; (2)

representation by Rose & Rose, P.C. violates its duty to former clients, in violation of RPC 1.9; and

(3) the motion for pro hac vice admission of Counsel fails to comply with L.Civ.R.7.1(d). For the

reasons set forth below, the Court grants Plaintiffs' motion for the pro hac vice admission of the Pro

Hac Candidates.

## II. FACTUAL BACKGROUND

On September 4, 2007, the Court received a notice of motion from the Plaintiffs requesting the pro hac vice admission of the Pro Hac Candidates (Pl.'s Mot., Sept. 4, 2007.) On September 17, 2007, the Court received Defendant's Brief in Opposition to the pro hac vice admissions. (Def. Opp'n., Sept. 17, 2007.) Plaintiffs then submitted an October 25, 2007 Reply Brief in response to Defendant's Opposition Brief. (Pl.'s Reply Br., Oct. 25, 2007.) On November 2, 2007, the Court received a request from the defendant for permission to file a sur-reply to the Plaintiffs' Reply Brief. (Def. Mot. Sur-Reply, Nov. 2, 2007.) That request was granted, and on November 9, 2007, a sur-reply was submitted. (Def. Sur-Reply, Nov. 9, 2007.) The Court received an additional letter from Defendant on November 14, 2007, reiterating their opposition to Plaintiffs' motion. (Def. Mem., Nov. 14, 2007.) On November 15, 2007, an initial proceeding was held pursuant to FED. R. CIV. P. 16. On November 30, 2007, the Court received a letter from Plaintiffs, along with three executed waivers by individual plaintiffs who are the clients in this case. (Pl.'s Mem., Nov. 30, 2007.) In past correspondence, Plaintiffs submitted waivers for the three National Association for the Advancement of Colored People ("NAACP") clients, the Newark Branch, the New Jersey State Conference, and the national organization. (Pl.'s Mem., Oct. 25, 2007.) The Court has also received three executed waivers from former clients Rodriguez, Hoover and Rory Rivera, who were plaintiffs in the earlier proceeding against Defendant NHRFR[1]. (Pl.'s Mem., Nov. 30, 2007, Pl.'s Mem., Dec. 12, 2007.)

---

[1]Rodriguez v. North Hudson Regional Fire and Rescue, Civ. Action. No. 01-3153 (DMC) (D.N.J. 2005.)

By opposing Plaintiffs' motion for the pro hac vice admission of the Pro Hac Candidates, NHRFR is in essence requesting the Court to disqualify Rose & Rose, P.C. Disqualifying counsel during pending litigation is an extreme measure. Beilowitz v. GMC, 226 F. Supp. 2d 565, 573 (D.N.J. 2002) (quoting In re Cendent Corp.Sec.Litig., 124 F. Supp. 2d 235, 248 (D.N.J. 2000)) (citations omitted). Therefore, courts will closely examine the facts of the case "to avoid injustice." Id. In examining the facts, the Court will analyze the competing interests of the need to maintain the highest standards of the profession against a client's right to choose his or her own counsel. "Motions to disqualify should be viewed with extreme caution for they can be used as techniques of harassment." Id. A court must also consider the timing of the filing of the motion to disqualify. Id.

NHRFR is an autonomous regional fire department, formed pursuant to N.J.S.A. 40A:65-4[2]. NHRFR has a policy of only recruiting and hiring new employees who are residents of the five municipalities served by NHRFR, specifically Guttenberg, North Bergen, Union City, Weehawken and West New York. (See Def. Opp'n at 4). In past litigation, NHRFR was sued by Jose Rodriguez, Rafael Albarran, Leonard Calvo, Eduardo Diaz, Carlos Hernandez, Thomas Hoover, Ramon Leon, Alexander Majors, Perry Rivera, Rory Rivera, Orlando Trujillo, Moises Valdes and Alfredo Vargas, Jr., (collectively, "Rodriguez Plaintiffs") on a claim in which the Plaintiffs stated that NHRFR's promotional and employment practices disparately impacted firefighters of Hispanic/Latino national origin. See Rodriguez v. North Hudson Regional Fire and Rescue, Civ. Action. No. 01-3153 (DMC) (D.N.J.). The Rodriguez Plaintiffs were represented by Rose & Rose, PC, the law firm at issue in this case. That case was resolved via court order on April 1, 2005. Id. Four clients, Rodriguez,

---

[2]N.J.S.A. 40:48B-1 was repealed in 2007.

3

Hoover, Rory Rivera and Calvo, were promoted to Fire Captain as a result of the lawsuit. The remaining clients, Albarran, Diaz, Hernandez, Leon, Majors, Perry Rivera, Trujillo, Valdes and Vargas, Jr., were not promoted. Id. However, these plaintiffs negotiated a provision in the Order that protected them from retaliation by NHRFR. Id. at 12.

### III. DISCUSSION

**Rose & Rose's representation does not create a conflict of interest in violation of R.P.C. 1.7.**

Rule 1.7 is instructive on the issue of whether a conflict exists between lawyers and current clients. Rule 1.7(a) states:

[a] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Defendant NHRFR asserts that representation by Rose & Rose, P.C. in this case would directly conflict with the decision rendered in the Rodriguez case. (Def. Br. 6) However, Plaintiffs disagree. This Court finds that the representation of the current clients by Rose & Rose, P.C. is not directly adverse to their previous representation of the Rodriguez clients and does not create a conflict of interest. The Rodriguez case involved NHRFR's promotion practices for existing employees, while the present case involves NHRFR's residency requirements for non-employees. Nor does Rose & Rose, P.C.'s representation in the instant matter materially limit its representation of either client. The Rodriguez case has ended and was focused on a different goal – promotional practices involving

4

existing employees.  The goal in the instant litigation involves hiring practices of non-employees.

Therefore, no conflict of interest in violation of Rule 1.7 would result if the Pro Hac Candidates are

admitted in this case.

**Rose and Rose's continued representation does not violate their duty to former clients.**

Rule 1.9(a) in pertinent part, states:

> (a) A lawyer who has formerly represented a client in a matter shall
> not thereafter represent another person in the same or a substantially
> related matter in which that person's interests are materially adverse to
> the interests of the former client unless the former client gives
> informed consent, confirmed in writing.

In the present case, the subject of the litigation is substantially different from that in the

Rodriguez case.  As mentioned previously, in the present case, the plaintiffs allege disparate hiring

practices based on residency requirements, while in the Rodriguez case, the plaintiffs alleged

disparate promotion practices for existing employees.

This Court concludes that representation by the Pro Hac Candidates of the existing clients is

not materially adverse to the interests of the former Rodriguez clients.  Therefore representation of

the current clients would not violate RPC 1.9.

**Plaintiffs' Motion for admission of counsel pro hac vice will not be denied for
failure to comply with L.Civ.R. 7.1(d)**

Local Civil Rule 7.1(d) states, in pertinent part, that:

> (1) No application will be heard unless the moving papers and a brief,
> prepared in accordance with L.Civ.R. 7.2 and proof of
> acknowledgment of service on all other parties, are filed with the Clerk
> at least 24 days prior to the noticed motion date.  The brief shall be a
> separate document for submission to the Court, and shall note the
> motion date on the cover page.

While Plaintiffs submitted a notice of motion and a certification as required, they did not submit a brief, a violation of L.Civ.R. 7.1(d).  In addition, the plaintiffs did not reply to Defendant's allegation of non-compliance with L.Civ.R. 7.1(d) in their October 2007 Reply Brief.  This Court finds that Plaintiffs violated L.Civ.R. 7.1(d), but declines to dismiss the complaint on this ground.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Defendant's assertion of an existing conflict of interest between either current or former clients of Rose & Rose, P.C. is unfounded. Therefore, the motion to admit David L. Rose, Esq., Joshua N. Rose, Esq., and Dotie Joseph, Esq., pro hac vice is granted, effective immediately.


**SO ORDERED.**


Dated: March 20th, 2008

**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

6